**Affirmed and Majority and Dissenting Opinions filed July 16, 2019.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-16-00880-CV

---

**TRANSAMERICA CORPORATION, Appellant**

**V.**

**BRAES WOODS CONDOMINIUM ASSOCIATION, INC., Appellee**

---

**On Appeal from the 129th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2016-12580**

---

## D I S S E N T I N G   O P I N I O N

Appellee/defendant Braes Woods Condominium Association, Inc. filed a motion to show authority under Texas Rule of Civil Procedure 12, asserting that attorney James Okorafor lacked authority to prosecute this suit on behalf of whichever Transamerica entity is the plaintiff in this case. The trial court granted the Rule 12 motion and struck the plaintiff's pleadings. James Okorafor attempted to perfect appeal and prosecute this appeal on behalf of various Transamerica

entities.  No purported appellant in this case has assigned error or presented argument challenging the trial court's Rule 12 ruling; therefore, under binding precedent, this court must dismiss this appeal for lack of jurisdiction.  Because it does not, I respectfully dissent.

## Trial Court Pleadings

James Okorafor filed the original petition that started this case in the trial court.  In that pleading, the plaintiff is identified as "TRANSAMERICA CORPORATION OF HOUSTON, INC. {TRANSCORP} acting by and through its Administrator, MR. DAVID BASH" and also as "TRANSAMERICA CORPORATION OF HOUSTON, INC. {TRANSCORP}."  In the style of the petition and in other documents filed in the trial court, such as an agreement under Texas Rule of Civil Procedure 11, the plaintiff is identified as "TRANSAMERICA CORP."  In no document filed in the trial court does a party identify the plaintiff as "Houston Transamerica Corp."

Braes Woods filed a counterclaim seeking to enforce a Rule 11 agreement James Okorafor signed as counsel for the plaintiff.  Braes Woods's counsel also signed the agreement on behalf of Braes Woods. The trial court granted a partial summary judgment in favor of Braes Woods on its counterclaim, awarding Braes Woods $2,694.16, plus attorney's fees and costs, against the "Plaintiff."

Braes Woods later filed a "Plea to the Jurisdiction and Motion to Show Authority."  In the plea to the jurisdiction, Braes Woods asserted that the trial court lacked subject-matter jurisdiction over the case because (1) the plaintiff has no standing to bring suit against Braes Woods; (2) no legal entity named "TRANSAMERICA CORPORATION OF HOUSTON" exists in Texas or is registered to do business in Texas; (3) the two Texas legal entities that have been

2

affiliated with Yigal Bosch (David Bash's father) — "HOUSTON TRANSAMERICA CORP." and "TRANSAMERICA OF HOUSTON OIL AND GAS COMPANY, LLC" (hereinafter "the Bosch Entities") involuntarily forfeited their charter or certificate through the Texas Secretary of State; and (4) to the extent that one of the Bosch Entities is the correct plaintiff in this case, Tax Code section 171.252 bars this suit by operation of law.

## The Trial Court's Rule 12 Determination

In the motion to show authority, Braes Woods asserted that attorney James Okorafor lacked authority to prosecute this suit on behalf of whichever Transamerica entity is the plaintiff in this case. Braes Woods asserted that the plaintiff is a "non-existent entity" or a "forfeited entity" purporting to bring this suit at the direction of David Bash, who does not purport to be an officer, director, shareholder, or owner of either of the Bosch Entities and who does not appear in the chain of title to the properties made the subject of this suit. Presuming for the sake of argument that David Bash retained Okorafor, Braes Woods asserted that (1) Bash has provided no proof that he holds any position of authority in any Transamerica entity; and (2) no individual affiliated with any Transamerica entity with the authority to retain an attorney has retained James Okorafor to prosecute this suit on behalf of any Transamerica entity. Under Rule 12, Braes Woods asked the trial court to cite James Okorafor to appear before the court to show his authority to prosecute this case.[1]

Under Rule 12, a party in a suit pending in a Texas court may, by sworn motion stating that the party believes the suit is being prosecuted without authority, cause the opposing attorney to be cited to appear before the court and show the

---

[1] *See* Tex. R. Civ. P. 12.

attorney's authority to act.[2]  At the hearing on the Rule 12 motion, the challenged attorney bears the burden of proving sufficient authority to prosecute the suit on behalf of the opposing party.[3]  If the attorney fails to show this authority, the trial court must refuse to permit the attorney to appear in the case and must strike the pleadings if no person who is authorized to prosecute appears.[4]

After a hearing at which James Okorafor did not show his authority to prosecute this suit on behalf of any Transamerica party, the trial court granted the motion to show authority under Rule 12 and declined to rule on the plea to the jurisdiction.  By granting the Rule 12 motion, the trial court necessarily concluded that James Okorafor lacked authority to prosecute this case on the plaintiff's behalf. The trial court struck the pleadings James Okorafor filed.

## Lack of Appellate Jurisdiction

James Okorafor signed a notice of appeal, purporting to perfect appeal on behalf of "PLAINTIFF, TRANSAMERICA CORPORATION."  He signed and filed an appellant's brief in this court, in which he sometimes states that the appellant is "Transamerica Corporation," and sometimes states that the appellant is "Houston Transamerica Corp."  Under binding precedent, if a trial court determines that an attorney lacks authority to represent a party to the suit, and if the attorney purports to perfect an appeal on the party's behalf but fails to show that the trial court erred in making this determination, then this court lacks jurisdiction over the appeal.[5]

In the appellant's brief filed in this court, no error is assigned as to the trial

---

[2] *Id.*

[3] *Id.*

[4] *Id.*

[5] *See Bosch v. Harris County*, No. 14-13-01125-CV, 2015 WL 971317, at *3–4 (Tex. App.— Houston [14th Dist.] Feb. 26, 2015, no pet.) (mem. op.).

4

court's Rule 12 determination, nor is any argument presented challenging this ruling. Even if the trial court's Rule 12 determination had been challenged, the trial court did not err in its Rule 12 determination.[6] Thus, under binding precedent this court should dismiss the appeal for lack of jurisdiction.[7]

The majority asserts that when the appellant, "Transamerica Corp.," filed this lawsuit, that entity's corporate charter had been forfeited due to nonpayment of taxes.[8] No evidence in our record shows that the charter or certificate of either "Transamerica Corp.," or "Transamerica Corporation of Houston, Inc." was forfeited or that the Texas Secretary of State declared the charter or certificate of either of these entities was forfeited.

The majority states that "[t]he trial court agreed that Transamerica lacked capacity to sue Braes Woods and granted Braes Woods'[s] motion to show authority."[9] The majority indicates that Braes Woods asserted in its motion to show authority that Transamerica lacked capacity due to the forfeiture of the plaintiff's corporate charter. But, in its motion to show authority, Braes Woods did not assert that the plaintiff lacked capacity or standing based on any forfeiture of the plaintiff's corporate charter. Thus, the majority addresses a lack-of-capacity issue on which the trial court did not rule and that is not before this court.[10]

Because the appellant has not shown that the trial court erred in granting the motion to show authority, under binding precedent this court should dismiss for lack

---

[6] *See id.*

[7] *See id.*

[8] *Ante* at 1, 5.

[9] *Ante* at 6. The majority similarly states that "[t]he trial court granted Braes Woods' motion to show authority (apparently agreeing Transamerica lacked capacity to sue Braes Woods) and dismissed Transamerica's claims." *Ante* at 4.

[10] *See ante* at 4–8.

5

of appellate jurisdiction without addressing the merits of the appeal.[11]

/s/    Kem Thompson Frost
Chief Justice

Panel consists of Chief Justice Frost and Justices Zimmerer and Hassan. (Hassan, J., majority).

---

[11] *See Bosch*, 2015 WL 971317, at *3–4.